

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable J. C. Roe
County Attorney
Navarro County
Corsicana, Texas

Dear Sir:

Opinion No. 0-7260
Re:  Validity of Section 2, Par. 3,
State Equalization Law, 1945-47.

This acknowledges receipt of your letter of May 29, 1946, which reads as follows:

"Paragraph 3 of Section 2 of State Equalization Laws of 1945-1947, as contained in official publication of Public School Laws of the State of Texas, at page 280 reads:

"'No school district will be eligible for aid under the provisions of this act which has reduced its tax rate within the two years immediately preceding the year for which aid is applied for hereunder or which has reduced its tax valuation in order to show budgetary need.'

"We have about two school districts in Navarro County who fall within the purview of this section of the statute, although they meet all other requirements as contained in the act.

"I am desirous of your opinion of the legality of the above section of the Statute. It occurs to me that the same is unreasonable and arbitrary in its prescription of the recipients of the aid, and in effect it penalizes certain school districts which have so conducted their finances as to be able to reduce their tax rate but still meet all the qualifications necessary to secure the aid provided, and that the qualifications placed on such recipients by such section of the statute should be stricken from

Hon. J. C. Roe - Page 2

the same because of such unreasonableness and
because same is an arbitrary classification upon
class legislation and wholly defeats the purpose,
aim and object of the legislature.

"Please advise me as to the constitu-
tionality of the above section of the statute above
referred to at your earliest convenience and
oblige."

Your attack against the paragraph above quoted
of the Rural Aid Law is apparently based upon the Article of
our Constitution which prohibits discriminatory and class legis-
lation, and also Sec. 5 of Article 7, which defines the "avail-
able school fund" and declares this fund "shall be distributed
to the several counties according to their scholastic popu-
lation."

Since the case of Mumme v. Marrs, 40 S. W. (2) 31,
decided by our Supreme Court is squarely decisive of the issues
raised by your request, we quote very liberally from it:

". . . Since the Legislature has the
mandatory duty to make suitable provision for the
support and maintenance of an efficient system of
public free schools, and has the power to pass any
law relative thereto, not prohibited by the Consti-
tution, it necessarily follows that it has a choice in
the selection of methods by which the object of the or-
ganic law may be effectuated. The Legislature alone is
to judge what means are necessary and appropriate for
a purpose which the Constitution makes legitimate.
The legislative determination of the methods, re-
strictions and regulations is final, except when so
arbitrary as to be violative of the constitutional
rights of the citizen. 6 Ruling Case Law, p. 155|154.. .

"As to whether or not a law secures due
process and equal protection as required by the Con-
stitution depends upon the subject on which it operates
and the character of rights which it affects. The con-
stitutional guarantee does not forbid the state from

Hon. J. C. Roe - Page 3

adjusting its legislation to differences in sit-
uation. Equal protection of laws is secured if
the statutes do not subject the individual to
arbitrary exercise of the powers of government. It
is well settled that legislation is not open to
objection if all who are brought under its influence are
treated alike in the same circumstances. 9 Texas Juris-
prudence, p. 553 §117. In the very nature of society
with its manifold occupations and contacts, the Legis-
lature must have, and clearly does have, authority to
classify subjects of legislation, and, when the classi-
fication is reasonable - that is, based upon some real
difference existing in the subject of the enactment -
and the law applies uniformly to those who are within
the particular class, the act is not open to consti-
tutional objection. 9 Texas Jurisprudence, p. 555,
§119, p. 558, §120, p. 561, §121.

"The provision of the law that a school
shall not be eligible to receive rural aid until it
votes a tax of 75 cents on the $100 valuation of the
taxable property of the district is not an unreasonable
requirement, because well below the maximum permitted
by the Constitution and laws of the state. It may be
voted or not, as determined by the taxpayers themselves.
Nor is it discriminatory, since it applies to all dis-
tricts alike which apply for aid."

We believe the last quotation rules the question at
hand and you are therefore advised that the section of the Rural
Aid Law inquired about is constitutional.

Although you have stated that the school districts
in question are not eligible for State Aid by reason of the above
quoted paragraph, we are enclosing copies of Opinions Nos. 0-6768,
0-7017, 0-7096 and 0-7217, which interpret this paragraph.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      Woodrow Edwards
                Assistant

WE:BT